IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH A. HOFER, individually and on behalf of others similarly situated, | ) ) ) | Case No. 4:14-cv-1865 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SYNCHRONY BANK, | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |

**COMPLAINT - CLASS ACTION**

**INTRODUCTION**

1. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, restricts the use of automatic telephone dialing equipment ("autodialers") to call cellular telephone numbers. Calls to cell phones using autodialers, such as predictive dialers,[1] are prohibited except in cases of an emergency or where the caller has the "prior express consent" of the called party to make such calls. 47 U.S.C. § 227(b)(1)(A)(iii).

2. Synchrony Bank ("Synchrony") repeatedly called plaintiff on his cellular telephone using an automatic telephone dialing system, in attempts to collect an alleged debt owed by plaintiff's deceased father. The repeated calls continued after plaintiff notified Synchrony that he had nothing to do with the debt. Upon information and belief, Synchrony obtained plaintiff's telephone number through a skip trace or other third-party source.

---

[1] *See In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd 14014, 14092, ¶ 132 (2003) (recognizing predictive dialers as "automatic telephone dialing systems" under the TCPA because, like all autodialers, "[t]he basic function of such equipment ... has not changed–the *capacity* to dial numbers without human intervention") (emphasis in original).

1

3. Plaintiff Joseph Hofer therefore brings this action against defendant Synchrony Bank to secure redress, on behalf of himself and others, for defendant's illegal conduct in making non-emergency, autodialed calls to their cellular telephone numbers in violation of 47 U.S.C. § 227(b)(1)(A)(iii). *See* 47 U.S.C. § 227(b)(3).

4. The TCPA was designed to prevent calls like these, and to protect the privacy of citizens like plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Pub. L. No. 102–243, § 2(11) (1991), *codified at* 47 U.S.C. § 227. Toward this end, Congress specifically found:

> Banning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 2(12); *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call[.]" Pub. L. No. 102–243, at § 2(13); *see also Mims*, 132 S. Ct. at 744.

2

7.	As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act …  is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co.*, 679 F.3d 637, 638 (7th Cir. 2012).

8.	Plaintiff seeks statutory damages of between $500 and $1,500 per violation of the TCPA for himself and the class, as well as an injunction prohibiting future violations.

## VENUE AND JURISDICTION

9.	This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b); *Mims*, 132 S. Ct. at 745.

10.	Venue and personal jurisdiction in this District are proper because a substantial portion of the events complained of occurred in this District, including defendant's autodialed calls to plaintiff's cellular telephone number. Furthermore, defendant regularly transacts business in this District.

## PARTIES AND PERSONAL JURISDICTION

11.	Plaintiff Joseph Hofer is a natural person and a citizen of the State of Missouri who resides in this District. Plaintiff's cellular telephone number is (314) XXX-5278. The calls to plaintiff were made to him while he was residing in this District.

12. Defendant Synchrony Bank is a banking institution (FDIC #27314) headquartered at 170 West Election Road, Suite 125, Draper, UT 84020, which does business in this District and throughout the State of Missouri.

### FACTS

13. Synchrony or some vendor acting on its behalf called plaintiff's cellular telephone number from caller ID number (330) 433-5039 on October 12, 2014, at approximately 10:20 a.m., 12:34 p.m., 1:58 p.m., and on October 24, 2014, at approximately 4:41 p.m. and 10:35 a.m., among other instances.

14. Upon information and belief, the calls were made in attempts to collect an alleged credit card debt owed by plaintiff's deceased father.

15. Plaintiff answered some of defendant's calls, such as Synchrony's fourth call on October 12, 2014, and its second call on October 24, 2014.

16. When plaintiff answered these calls, he heard a distinctive pause on the other end of the line, which indicated to plaintiff that defendant, or some vendor on its behalf, used a predictive dialer to make such calls.

17. When he answered these calls, plaintiff told Synchrony that he had nothing to do with the debt, and asked that the calls stop.

18. Upon information and belief, on October 12, 2014, the Synchrony representative with whom plaintiff spoke made notations in Synchrony's computer system regarding the conversation with plaintiff, including that the phone number was not that of plaintiff's father. The calls continued despite this.

4

19. Plaintiff is not a customer of Synchrony, and has never given Synchrony permission to call his cellular telephone number, whether using an autodialer or otherwise.

20. The calls to plaintiff's cell phone were made using equipment with the present capacity to dial telephone numbers without human intervention. The technology used to effectuate these calls also had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or list of numbers.

21. Upon information and belief, Synchrony used an Adeptra and/or Avaya dialer system and software to call plaintiff and the class.

22. On information and belief, during the relevant time period, it was the practice of defendant Synchrony to obtain phone numbers from sources other than from the persons it was calling; for example, Synchrony used "skip trace" services and credit reports to obtain phone numbers for debtors who were difficult to locate.

23. On information and belief, after it skip traced or otherwise obtained the cellular telephone numbers of plaintiff and the class from a source other than the party it was calling, Synchrony loaded those numbers into a predictive dialer or other autodialer and called such numbers without first obtaining consent from the called party.

24. Plaintiff and the class have been substantially damaged by the illegal phone calls. Their privacy was wrongfully invaded, they were unable to use their cellular telephones fully when dealing with these calls, their statutory rights were violated, and they were forced to deal with the aggravation of unwanted phone calls using up airtime and requiring them to divert attention away from business, family, and other activities.

5

**COUNT I – TCPA**

25. Plaintiff realleges and incorporates all allegations as if set forth fully herein.

26. It is a violation of the TCPA to call a person's cellular telephone number using an automatic telephone dialing system. 47 U.S.C. § 227(b)(1)(A)(iii).

27. "Automatic telephone dialing system" refers to any equipment that has "the *capacity* to dial numbers without human intervention." *See In re Rules & Regulations Implementing the TCPA*, 18 FCC Rcd at 14092 ¶ 132 (emphasis in original).

28. Defendant or its vendor used equipment having the capacity to dial numbers without human intervention to call plaintiff and the other members of the class defined below.

29. These calls were made even though defendant had not first obtained the express consent of the called party to make such calls.

30. Defendant was aware of the TCPA's restrictions against autodialed calls to cell phones during the entire class period, but made the calls that are the subject of this case in spite of such knowledge. As such, defendant's calls were willful or knowing. *See* 47 U.S.C. § 312(f)(1).

31. Defendant is therefore liable for violations of 47 U.S.C. § 227(b)(1)(A)(iii) because it called plaintiff and the class using an automatic telephone dialing system without the prior express consent of the called party.

32. As a result of defendant's conduct and pursuant to Section 227(b)(3)(B) of the TCPA, plaintiff and the other members of the class were harmed and are each entitled to a minimum of $500 in statutory damages for each violation, and a maximum of $1,500 per violation. Plaintiff and the class are also entitled to injunctive relief. 47 U.S.C. § 227(b)(3)(A).

6

33. Because defendant knew or should have known that plaintiff and the other members of the class had not given prior express consent to receive the calls to their cell phones and/or willfully called the cell phones of plaintiff and the other members of the class using an automatic telephone dialing system without prior express consent, the Court should treble the amount of statutory damages available to plaintiff and the other members of the class, pursuant to Section 227(b)(3) of the TCPA.

## CLASS ALLEGATIONS

34. Plaintiff brings this claim on behalf of a class, consisting of:

All persons nationwide whose cellular telephone number defendant or some vendor on its behalf called using a predictive dialer or other equipment capable of dialing numbers without human intervention (e.g. Adeptra and/or Avaya dialers), where any such call occurred on or after a date four years prior to the filing of this action, and where the phone number was obtained from some source other than from the called party—for example, skip tracing, the internet, or captured by equipment from an inbound call.

35. Plaintiff is a member of the class. Over the four years prior to the filing of this action, defendant made at least one autodialed call to plaintiff's cell phone after obtaining his number from some source other than plaintiff.

36. The class is so numerous that joinder of all members is impractical. There exists no reason to use an automatic dialer other than to dial a large amount of numbers in a short amount of time. Upon information and belief, including based upon industry practices, defendant called more than 100 cell phone numbers in the four years prior to the filing of this action using an autodialer, where such numbers were not obtained from the called party directly.

37. There are questions of law and fact common to the class which predominate over any questions affecting only individual class members. The predominant common questions include:

   a. Whether defendant used an "automatic telephone dialing system" under the TCPA and applicable FCC regulations and orders; and

   b. Damages, including whether defendant willfully or knowingly violated the TCPA, such that plaintiff and the other members of the class are entitled to treble damages under 47 U.S.C. § 227(b)(3).

38. Plaintiff's claims are typical of those of the class members. The factual and legal bases of defendant's liability to plaintiff and the other members of the class are the same: Defendant violated the TCPA by making calls to the cellular telephone numbers of each member of the class, including plaintiff, using an automatic telephone dialing system without prior express consent.

39. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither plaintiff nor plaintiff's counsel have any interests which might cause them not to vigorously pursue this action for the class.

40. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual action would entail.

41. Management of this class action is likely to present significantly fewer difficulties that those presented in many class actions, e.g. for securities fraud.

WHEREFORE, plaintiff Joseph Hofer requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

    A.    An injunction against further violations;

    B.    Statutory damages, including treble damages if the violations are found to have been willful or knowing;

    C.    Reasonable attorneys' fees and costs as permitted by law; and

    D.    Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/  Joseph Hofer
**Joseph Hofer**

**HEALEY LAW, LLC**

/s/  Robert T. Healey
Robert T. Healey
E.D. Mo. No. 34138MO
640 Cepi Drive, Suite A
Chesterfield, MO 63005
Telephone:    (314) 401-3261
Fax:    (636) 590-2882
Email:    bob@healeylawllc.com

and

**BURKE LAW OFFICES, LLC**

/s/  Alexander H. Burke
Alexander H. Burke
(*pro hac vice* application forthcoming)
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
Telephone:    (312) 729-5288
Fax:          (312) 729-5289
Email:        aburke@burkelawllc.com

*Co-Counsel for Plaintiff*